## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. BRANDON WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-23- 624-HE |
| | ) | |
| 1. PRUETT'S FOOD, INC., | ) | |
| d/b/a UPTOWN GROCERY CO., | ) | |
| 2. PRUETT'S FOOD INC., and | ) | |
| 3. GRAHAM PRUETT, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Brandon Whitfield, and for his Complaint against the Defendants alleges and states as follows:

## PARTIES

1. Plaintiff, Brandon Whitfield, is an adult male residing in Logan County, Oklahoma.

2. Defendants are:

   a. Pruett's Food, Inc., d/b/a Uptown Grocery Co., an entity doing business in and around Oklahoma County, Oklahoma;

   b. Pruett's Food, Inc., an entity doing business in and around Oklahoma County, Oklahoma (collectively "Pruett's Food"); and

   c. Graham Pruett, an individual who at all relevant times hereto was employed as the City Deli Director with Pruett's Food.

1

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with Pruett's Food and is based on the following claims: (a) race discrimination in violation of 42 U.S.C. § 1981; (b) race and color discrimination in violation of Title VII of the Civil Rights Act of 1964; (c) tortious interference with a contractual/employment relationship; and (d) tortious interference with a prospective business advantage.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. To the extent required, Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 3, 2022. Plaintiff subsequently received a right to sue letter from the EEOC dated April 28, 2023 and has timely filed this action within ninety (90) days of his receipt of such notice.

6. All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

7. Pruett's Food operates various grocery stores across Oklahoma. In or around late-2020/early-2021, it purchased and began operating the Uptown Grocery store locations

in Edmond and Oklahoma City.

8. In 2018, before Pruett's Food took over, Plaintiff, who is Black, was hired as a Deli Clerk at the Uptown Grocery in Edmond, Oklahoma.

9. Within a few months (and still before Pruett's Food), he was promoted to Deli Assistant Manager. Plaintiff continued in this position for the remainder of his employment.

10. Throughout his employment, Plaintiff was a satisfactory or better employee. In addition to having been promoted, Plaintiff was complimented on his work performance, and received merit pay increases.

11. Plaintiff worked at the Edmond store from 2018 until October 2021, when owner Ray Pruett asked him to move to the Oklahoma City location (which Ray Pruett oversaw at the time) to help increase sales and to work on the gourmet line.

12. Ray Pruett told Plaintiff that he was performing well, and that Ray Pruett thought Plaintiff's skill set would be valuable at the Oklahoma City store.

13. Plaintiff agreed to the transfer and received an increase in pay when he moved locations.

14. After moving, Plaintiff was initially heavily involved in the deli operations, bring included in weekly meetings and asked for input about product ordering and other deli-related matters.

15. However, in or around the end of 2021/beginning of 2022, Graham Pruett (who is White) began working at Plaintiff's location as the City Deli Director and Plaintiff's supervisor.

16. Graham Pruett treated Plaintiff to less favorable terms and conditions of employment as compared to his similarly-situated co-workers, who were not Black.

17. By way of example, Graham Pruett frequently engaged in friendly discussions with other deli staff who were White, but did not similarly engage with Plaintiff (the only Black employee in the deli at the time).

18. Other deli employees, who were White, including but not limited to Breanna Hendrix, frequently left work early, were tardy, took extensive breaks and/or failed to perform their assigned job duties. Graham Pruett did not take disciplinary action against these employees.

19. Moreover, after Graham Pruett arrived, Plaintiff began to notice the number of Black employees at the Oklahoma City store started to decrease.

20. On or about May 26, 2022, Deli Manager Imad Slitine Elmghari sent Plaintiff a thank you text, stating, "I just wanted to say thank you for all you do brother."

21. Then, on or about June 3, 2022, Graham Pruett wrongfully terminated Plaintiff.

22. After clocking in to work that morning, Plaintiff was called to a meeting with Graham Pruett and Slitine Elmghari, who is not Black.

23. During the meeting, Graham Pruett asked Plaintiff about an interaction he had with a co-worker Breanna Hendrix, who is White, the day prior. Plaintiff explained that Hendrix said a customer was looking for macaroni salad. Plaintiff stated that it was in stock and told Hendrix, who had only been employed for a short time, that the deli kept a list of products it made daily, showing Hendrix the list.

24. After explaining this, Graham Pruett asked Plaintiff why he was absent on or about May 31, 2022. Plaintiff explained he had followed protocol in requesting the day off because he was moving.

25. Slitine Elmghari, who was his direct supervisor and present during the meeting, did not claim otherwise.

26. Graham Pruett then fired Plaintiff, giving no reason for termination.

27. Upon information and belief, Plaintiff was replaced by a White employee, Jayden Lott, whom Graham Pruett had hired shortly before firing Plaintiff under the guise of a back-up on days Plaintiff was off work.

28. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I: 42 U.S.C. § 1981

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29. This cause of action is asserted against all Defendants.

30. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

31. Plaintiff is entitled to relief for race discrimination because he is Black, he was qualified for his job, he was terminated, and his job was not eliminated.

32. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of

1991.

33. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II:  Title VII – Race and Color

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

34. This cause of action is asserted against Defendant entities.

35. The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of race and color discrimination.

36. Plaintiff is entitled to relief for race and color discrimination because he is Black, he was qualified for his job, he was terminated from his employment, and his job was not eliminated.

37. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

38. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT III: Tortious Interference

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39. This count is asserted against Defendant Graham Pruett.

40. The acts described above constitute unlawful tortious interference with a contractual/employment relationship. Defendant Graham Pruett's actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant entities. Defendant Graham Pruett had no justification, excuse, or privilege for such interference. His actions interfered with a business or contractual right; were malicious and wrongful and not justified, privileged, or excusable; and caused damage to Plaintiff.

41. Defendant Graham Pruett knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant entities at the time he wrongfully terminated Plaintiff's employment based on the unlawful grounds set forth above.

42. Defendant Graham Pruett made the final decision to wrongfully terminate Plaintiff's employment based on the unlawful grounds set forth above. And, he was not acting to serve any legitimate or lawful interest of Defendant entities, but was pursuing his own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights. As such, Defendant Graham Pruett interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant entities.

43. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

44. Moreover, because the actions of Defendant Graham Pruett were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT IV: Interference with Prospective Economic Advantage

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

45. This count is asserted against Defendant Graham Pruett.

46. The acts described above constitute unlawful interference with Plaintiff's prospective economic advantage.

47. Plaintiff had a valid business relationship or expectancy with Defendant entities.

48. Defendant Graham Pruett had knowledge of Plaintiff's business relationship.

49. Defendant Graham Pruett intentionally interfered with Plaintiff's relationship with Defendant entities and induced or caused a breach of Plaintiff's expectancy by terminating his employment.

50. Such a breach resulted in damage to Plaintiff.

51. Defendant Graham Pruett was involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set out above.

52. The actions of Defendant Graham Pruett were intentional, malicious and wrongful. And, Defendant Graham Pruett had no justification, excuse or privilege for his actions Defendant Graham Pruett was not acting to serve any legitimate or lawful interest of Defendant entities, but was pursuing his own motives which included hostility toward

Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

53.     Plaintiff suffered damages as a direct result of the actions of Defendant. And, such damages was proximately sustained as a direct result of the complained-of interference.

54.     As a result, Plaintiff is entitled to all damages allowed by state law. Moreover, because the actions of Defendant Graham Pruett were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, back pay, front pay, emotional distress damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees and other such relief under federal and Oklahoma state law as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 18TH DAY OF JULY, 2023.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA #18922**
**KARINA R. LUECK, OBA #35171**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800      (telephone)**
**(405) 239-3801      (facsimile)**
leonardjb@leonardlaw.net
haupts@leonardlaw.net
lueckkr@leonardlaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**